UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ARNOLD DOYLE

v. : CASE No. 8:09-CV-2302-T-TGW

MICHAEL J. ASTRUE,
Commissioner
of Social Security

## ORDER

THIS CAUSE came on for consideration upon the Plaintiff's Attorney's Motion for an Award of Attorney Fees Under 42 U.S.C. §406(b)(Doc. 26). The Commissioner opposes the motion because it is untimely (Doc. 27). Plaintiff's counsel, in a court-ordered reply, fails to refute that contention. The motion will therefore be denied.

In this case, the plaintiff's Motion to Remand his social security claim for further administrative consideration was granted on July 20, 2010, and judgment was entered accordingly on July 21, 2010 (Docs. 22, 23). The plaintiff was subsequently awarded benefits. The Social Security Administration sent the plaintiff a Notice of Award on April 9, 2012 (Doc. 26-1, p. 2). Further, it appears

1

that plaintiff's counsel at the administrative level, David Magann, received the letter a few days later (see id. ("RECEIVED APRIL 13, 2012")). The Motion for Attorney's Fees was not filed, however, until May 11, 2012.

Rule 54(d)(2), F.R.Civ.P.'s requirement that a claim for attorney's fees must be made by motion "no later than 14 days after the entry of judgment" applies to a motion for attorney's fees pursuant to 42 U.S.C. 406(b). Bergen v. Commissioner of Social Security, 454 F.3d 1273,1277 (11th Cir. 2006).* Construing the rule liberally with regard to §406(b) fee petitions, courts have held that the 14-day time limitation begins to run after the plaintiff is served with the Social Security Administration's notice awarding benefits. See Perkins v. Astrue, 632 F. Supp.2d 1114, 1116 (M.D. Fla. 2009); Clark v. Astrue, 2012 WL 570345 at *2 (M.D. Fla. 2012)(unpub. dec.); Cook v. Commissioner of Social Security, 2012 WL 2871816 at *1 (M.D. Fla. 2010)(unpub. dec.).

Accepting this construction of the deadline for filing a motion for attorney's fees under §406(b), the plaintiff's motion is untimely. As indicated, the Notice of Award letter was sent to the plaintiff on April 9, 2012 (see Doc. 26-1, p. 2), and the Motion for Attorney's Fees was not filed until May 11, 2012.

---

* In making this determination, the Eleventh Circuit expressly rejected the application of a "reasonable" time limit. Id. at n. 1.

Michael Steinberg, counsel who represented the plaintiff in federal court, and who filed this motion, asserts that he did not receive notice of the award until April 27, 2012 (Doc. 29, p. 2). Thus, Steinberg explains that he was not sent a copy of the award notice, and that he first learned about the award from attorney David Magann (id., pp. 1-2). Steinberg argues that, under these circumstances, the fee motion is timely because "the Notice of Award must be sent to the attorney who handled the federal court appeal to trigger the 14 day period within which to move for attorney's fees under 42 U.S.C. 406(b)" (id., pp. 2-3). However, counsel provides no cogent argument, nor any legal authority in support of this contention. To the contrary, such a construction would unduly complicate the process, and could unnecessarily delay resolution of fee motions. See Bergen v. Commissioner of Social Security, supra, 454 F.3d at 1277, n.1 (rejecting a "reasonable" time period for the filing of fee motions under §406(b)).

Rather, as indicated, there is ample authority that the 14-day time period commences when the plaintiff is served with the award letter. In this case, the evidence shows that the plaintiff was sent the award notice on April 9, 2012, and there is no assertion that the plaintiff did not receive this notice (contra Doc. 29, p. 2, ¶3)("The movant ... posits that it is not sufficient to send the Notice of Award to the Plaintiff..."). Further, it appears that his counsel at the

3

administrative level received it on April 13, 2012 (see Doc. 26-1, p. 2). Therefore, this is not a circumstance where the motion could not have been filed due to lack of notice.

Furthermore, the Commissioner opposes this motion. See Bergen v. Commissioner of Social Security, supra, 454 F.3d at 1277-78 (considering the Commissioner's lack of objection in finding the fee motion timely).

Moreover, it is noted that, when Steinberg received notice of the plaintiff's benefits award on April 27, 2012, he did not file a motion for an extension of time to file the fee motion, and then he inexplicably waited another two weeks to file the fee motion. Therefore, under the totality of these circumstances,

it is, upon consideration,

ORDERED:

That the Plaintiff's Attorney's Motion for an Award of Attorney Fees Under 42 U.S.C. §406(b)(Doc. 26) be, and the same is hereby, **DENIED**.

DONE and ORDERED at Tampa, Florida, this _11th_ day of June, 2012.

_____
THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE